[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Department of Environmental Protection (DEP) granting permits necessary for the construction of the Southeastern Connecticut Resources Recovery Facility in the Town of Preston, being permits for a solid waste facility pursuant to G.S. 22a-208a and an air compliance source permit pursuant to G.S. 22a-174. The defendants, Connecticut Resources Recovery Authority (CRRA), Southeastern Regional Resource Authority (SCRRA) and American Ref-Fuel Company of Southeastern Connecticut (Ref-Fuel) made application for such facility to the defendant, DEP, on December, 1986 and, after public hearings on May 9, 10 and 11 and June 1, 2, 3, 6 and 9, 1988, was granted on November 22, 1988 air emissions permit and a solid waste permit to construct the facility.
The plaintiffs allege that the action of the DEP was illegal, unlawful, exceeded the statutory authority of the agency, was erroneous in view of the evidence presented to it, was arbitrary and capricious and in abuse of its discretion in that the application was incomplete, that the applicant failed to demonstrate that its parent company had not repeatedly violated pertinent statutes, the applicant failed to submit a certificate of zoning compliance required by G.A. 22a-208b, and the applicant failed to demonstrate that its proposed facility will meet the requirements of the federal clear air act or Chapter 446C of the Connecticut General Statutes as to air emissions.
Judicial review of an agency's action is governed by the Uniform Administrative Procedure Act. The court may not retry the case or substitute its judgment for that of the agency. Its duty is to decide, whether in the light of the evidence, the agency acted unreasonably, arbitrarily, illegally or in abuse of its discretion. Board of Education v. Freedom of Information CT Page 1275 Commission, 208 Conn. 442, 452.
 I
The plaintiffs claim that the application is incomplete because (1) there are no agreements provided by the applicant for its financial commitment; (2) there is no information presented about the exact location of soil borings and foundation design; (3) the applicant failed to provide copies of operation and maintenance manuals or its operation and maintenance budget; and (4) the applicant failed to provide information as to where ash residue, bypass municipal solid waste or bulky waste is to be landfilled. The plaintiffs have produced the various requests for such information and the staff memoranda indicating the failure to have complete information. However, G.S. 22a-208a authorizes the commissioner to issue a permit "under conditions as he may prescribe and upon submission of such information as he may require, for the construction, alteration and operation of solid waste facilities" and he has included the same broad discretion in his regulations, 22a-209-4 (b). Not only is the DEP in a position to impose the condition of the regulation to the permit but assured by reason of such condition a proper construction. The record supports the DEP's ability and competence to do so.
 II
The plaintiffs have noted the various action brought against BFI most of which has not been resolved. This same information was before the agency. It obviously had not the effect to the agency as it appears to the plaintiffs. This court recognizes that the activity in question generates emotional responses, but recognizes further that nothing in the history given would warrant this court in finding repeated violation of statutes or regulations to deny the applicant the experience of BFI.
 III
It is clear that Connecticut Siting Council can override local zoning decision. Preston v. Connecticut Siting Council,20 Conn. App. 474, 486.
 IV
Where the meaning of a statute is clear and unambiguous there is no occasion for construction. State v. James, 197 Conn. 358,363. 40 C.F.R. § 52, 21(i)(4)(x) clearly states that where the application be "submitted" before July 31, 1987, PM-10 standard doe not apply. It's clear from the record EPA had not made objection to the analysis made and the agency properly found the emission within the standards permitted. CT Page 1276
For the above reasons the appeal is dismissed.
CORRIGAN, J.